Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5185 | **DATE** | 11/4/2002 |
| **CASE TITLE** |  | Byczek vs. Boetler Co. Inc., et al. | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying defendants' motion to dismiss (5-1) counts I and III-VII.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 05 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 11/4/2002 | |
| | | | date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN L. BYCZEK,                          )
                                         )
            Plaintiff,                   )
                                         )
        v.                               )
                                         )  No. 02 C 5185
THE BOELTER COMPANIES, INC., a           )
Wisconsin corporation, and F.            )
WILLIAM BOELTER,                         )
                                         )
            Defendants.                  )

**DOCKETED**

**MEMORANDUM OPINION AND ORDER**

NOV 0 5 2002

I. Background

Plaintiff John L. Byczek ("Byczek") was president and sole shareholder of Byzcek Equipment Company ("BEC"). In May 2001, BEC entered into an asset purchase agreement with defendants The Boelter Companies, Inc. and its president F. William Boelter (collectively "Boelter"). According to the agreement, Boelter was to purchase BEC and create a new company to carry on its operations. Boelter allegedly breached this agreement. In July 2001, all of BEC's assets were assigned to David Abrams, Abrams & Jossel Consulting, Inc. ("Abrams"), as assignee for the benefit of creditors of the estate of BEC. In January 2002, Abrams assigned BEC's chose in action for claims relating to the May 2001 agreement to Byczek. Byczek filed this suit against Boelter in Illinois state court, making six claims as assignee of BEC's claims (counts I and III-VII), and one claim on his own behalf (count II).

Boelter removed the case to federal court pursuant to 28 U.S.C. §§ 1441 and 1332. Boelter now moves to dismiss the BEC counts for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) or for failure to join Abrams as a necessary party pursuant to Fed. R. Civ. P. 12(b)(7). I deny the motion.

Boelter makes two arguments for dismissal. First, it argues that the assignment of BEC's chose of action from Abrams to Byczek was invalid, and Abrams thus retains the chose in action. In that case, Abrams, not Byczek, is the true party in interest and the BEC counts must be dismissed if he is not joined to pursue them. Second, Boelter argues that even if the assignment was valid, Abrams is still a necessary party to the litigation of the BEC counts, and failure to have him joined should result in dismissal.

II. Is the Assignment from Abrams to Byczek Valid?

Boelter is correct in stating that if the assignment from Abrams to Byczek was invalid, Byczek cannot pursue the BEC claims. It argues that the assignment is invalid because Abrams, as a fiduciary to the creditors of BEC, could not assign the creditors' chose in action to Byczek because Byczek has significant conflicts of interest with the BEC creditors that preclude such an assignment. First, because Byczek is pursuing a direct claim against Boelter on his own behalf, he would not be able to adequately represent the interests of BEC creditors in the same litigation. Second, because Byczek is the first secured creditor

2

of BEC, he may seek to secure his own recovery at the expense of lower creditors of BEC. Boelter argues that these conflicts make the assignment of the chose in action to Byczek invalid. Further, in its reply brief, Boelter argues that the assignment was a sham and should therefore be disregarded. Whatever merit there is to these claims, they are claims that only the BEC creditors, not Boelter, may raise. Boelter lacks standing to challenge the validity of the assignment. *See Liu v. T & H Mach., Inc.*, 191 F.3d 790, 797-98 (7th Cir. 1999) (finding that a manufacturer lacked standing to challenge the reassignment from a broker's associates back to the broker of a chose of action to recover unpaid commissions from the manufacturer). For purposes of this litigation, then, the assignment of the BEC creditors' chose of action from Abrams to Byczek is valid, and Byczek is thus the true party in interest to pursue the BEC claims.

### III. Is Abrams a Necessary Party?

Although Byczek is the true party in interest to pursue the BEC claims, Abrams may still be a necessary party to the litigation. Under Fed. R. Civ. P. 19(a), a party is necessary if

> (1) in that person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

3

Boelter argues that Abrams is a necessary party under all three provisions of Rule 19(a).

A. Rule 19(a)(1)

First, Boelter argues that Abrams is a necessary party under 19(a)(1) because complete relief cannot be accorded without the presence of Abrams. Boelter states that it has significant counterclaims against BEC and thus, without joining Abrams, it cannot be accorded complete relief. This argument is wrong for two reasons. First, Boelter may be able to assert against Byczek as assignee of BEC's chose in action some or all of the counterclaims it has against BEC. *See First Nat'l Bank of Boston (Int'l) v. Banco Nacional de Cuba,* 658 F.2d 895, 902 (2d Cir. 1981) ("When a plaintiff sues on a claim as an assignee, the defendant may assert a counterclaim against the assignee based on a right of action against the assignor."). Second, to the extent that Boelter has claims against BEC that cannot be asserted as counterclaims against Byczek as assignee, this fact does not make Abrams a necessary party under 19(a)(1). Rule 19(a)(1) refers to according complete relief *among those already parties*. Here, only Byczek and Boelter are already parties. The fact that Boelter has claims against BEC that might be more conveniently litigated in the pending suit than in a separate suit does not make Abrams a necessary party under 19(a)(1). *See Morgan Guar. Trust Co. of New York v. Martin,* 466 F.2d 593, 598 (7th Cir. 1972).

Boelter also argues that complete relief cannot be afforded in Abrams' absence because there is a great risk that the BEC creditors will set aside the assignment and seek to proceed in their own behalf. Again, this argument relates to the ability to accord complete relief between a party and a non-party. Such is not encompassed under 19(a)(1), and is more properly addressed in a discussion of 19(a)(2)(ii).

B. Rule 19(a)(2)(i)

Second, Boelter argues that Abrams is a necessary party under 19(a)(2)(i) because Abrams, as fiduciary for the BEC creditors, has an interest in this litigation that would be adversely affected in his absence. The assignment agreement between Abrams and Byczek indicates that the BEC estate is to receive the balance of any recovery from Boelter once administrative expenses and secured creditors are paid. (Assignment ¶¶ K, 4.) Boelter argues that disposition of this action in the absence of Abrams would impair Abrams' ability to protect the interests of the BEC creditors because of Byczek's conflicts of interest with the BEC creditors. This was a risk knowingly assumed by Abrams, however, when he assigned the BEC creditors' chose of action to Byczek. The assignment agreement indicates that Byczek is pursuing claims against Boelter on his own behalf (Assignment ¶¶ K, 5), and that Byczek is the first secured creditor of BEC (Assignment ¶ G). Nonetheless, the agreement assigns Byczek "complete discretion with

5

regard to all litigation decisions, strategy, and settlement authority." (Assignment ¶ 3.) Because Byczek has complete discretion over the litigation of the BEC claims, Abrams' presence or absence from this action is immaterial to his ability to protect the BEC creditors' interests.[1] Abrams ability to protect the interests of the BEC creditors is thus not impaired or impeded, and he is therefore not a necessary party under 19(a)(2)(i).

C. Rule 19(a)(2)(ii)

Finally, Boelter argues that Abrams is a necessary party under 19(a)(2)(ii) because, absent Abrams, any disposition will not be binding on the BEC creditors, and Boelter thus runs the significant risk that the BEC creditors will be able to bring subsequent suits against it. This claim is simply wrong. Because for purposes of this litigation the assignment agreement is valid, Byczek is the real party in interest to pursue BEC claims against Boelter. Thus, neither Abrams nor any BEC creditor will be able to pursue a claim against Boelter relating to this chose in action. *See Falvey v. Foreman-State Nat'l Bank,* 101 F.2d 409, 415 (7th Cir. 1939) (holding that assignor of a cause of action could not maintain suit against defendant because assignee was the real party in interest);

---

[1] If the assignment itself represents a failure to protect the BEC creditors' interests, Abrams may be liable to the BEC creditors for a breach of fiduciary duty. Whether Abrams breached his fiduciary duty to the creditors, however, is not relevant to the present determination of whether Abrams is a necessary party in this action between Byczek and Boelter.

*Wymer v. Wymer*, 16 B.R. 497, 505 (9th Cir. 1980) ("[A]n assignor [may not] maintain action on a claim after making an absolute assignment of it to another."). Because neither Abrams nor the BEC creditors may maintain separate actions against Boelter on this chose of action, Boelter is not subject to a substantial risk of incurring multiple or otherwise inconsistent obligations in the absence of Abrams. Abrams is thus not a necessary party under Rule 19(a)(2)(ii).

IV. Conclusion

Because Boelter does not have standing to contest the validity of the assignment agreement, the assignment is presumed valid and Byczek is the proper party to bring the BEC claims. Further, Abrams is not a necessary party to this litigation.[2] Boelter's motion to dismiss counts I and III-VII is therefore DENIED.

ENTER ORDER:

*Elaine E. Bucklo* (signature)

**Elaine E. Bucklo**
United States District Judge

Dated: November 4, 2002

---

[2] Even if Abrams were a necessary party, before I could dismiss the BEC counts for failure to join him, Boelter would need to show that his joinder is infeasible under Rule 19(a) and that he is indispensable under Rule 19(b). Boelter fails to address either of these issues.

7