# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5185 | **DATE** | 5/29/2003 |
| **CASE TITLE** | Byczek vs. The Boelter Companies, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying plaintiff's motion to dismiss counterclaims to the extent the counterclaims are asserted by defendant The Boelter Companies, Inc. and granting the motion to the extent they are asserted by defendant F. William Boelter individually.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN L. BYCZEK,  )
                 )
     Plaintiff,  )
                 )
     v.          )  No. 02 C 5185
                 )
THE BOELTER COMPANIES, INC. and F. )
WILLIAM BOELTER, )
                 )
     Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff John L. Byczek sued defendants The Boelter Companies, Inc. and F. William Boelter (collectively "Boelter") over an unconsummated asset purchase agreement between Boelter and Byzcek Equipment Company ("BEC"), of which Mr. Byczek was the president and sole shareholder. One count of the complaint was brought by Mr. Byczek on his own behalf; all others were brought by Mr. Byczek as assignee of BEC's claims. Boelter asserts four counterclaims against Mr. Byczek. Mr. Byczek moves to dismiss the counterclaims. I deny the motion with respect to The Boelter Companies, Inc., and grant the motion with respect to Mr. Boelter individually.

The standard for deciding a motion to dismiss counterclaims is the same as that for deciding a motion to dismiss a complaint. Dismissal is warranted "only if the nonmoving party can prove no set of facts consistent with its ... counterclaim that would

entitle it to relief." *N. Trust Co. v. Peters,* 69 F.3d 123, 129 (7th Cir. 1995). In deciding the motion to dismiss, "[I] accept all well pleaded facts alleged in the counterclaim as true and draw all reasonable inferences in favor of the nonmoving party." *Id.*

## I. Counterclaim Count I: Fraud

Boelter claims that Mr. Byczek misrepresented the financial condition of BEC, inducing Boelter, at great expense, to initiate and plan for the purchase of BEC's assets. Mr. Byczek moves to dismiss counterclaim count I, arguing that Boelter has failed to adequately state a cause of action for fraud. Complaints of fraud are subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."). The Seventh Circuit reads this requirement to mean that the pleader must plead "the who, what, when, and where of the alleged fraud." *Uni\*Quality, Inc. v. Infotronx, Inc.,* 974 F.2d 918, 923 (7th Cir. 1992). Thus, the pleader must state "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated." *Id.* The heightened pleading standard does not require adherence to blind formalism, however. The purpose of the rule "is to force the plaintiff to do more than the usual investigation before filing his complaint." *Ackerman v. Northwestern Mut. Life Ins. Co.,* 172 F.3d 467, 469 (7th

Cir. 1999). This is "to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." *Id.*

With these principles in mind, I find that Boelter has sufficiently pleaded fraud in his counterclaim. Boelter alleges that sometime prior to April 2001, BEC presented Boelter with a November 30, 2000 financial report showing a $900,000 net worth, even though Mr. Byczek was aware that BEC's books and records did not support such a valuation. (Countercl. ¶¶ 10, 11.) Boelter also alleges that Mr. Byczek was aware that BEC was on the verge of insolvency and bankruptcy, but that in April 2001, he "began engaging in a scheme to fraudulently misstate BEC's financial statements and the financial conditions of its jobs in process for the purpose of deceiving Boelter Co. into thinking that BEC was a viable company." (Countercl. ¶¶ 14, 15.) For example, Boelter alleges that in May 2001, Mr. Byczek stated that the jobs in process were in good financial condition, while in reality, BEC was forced to engage in what amounted essentially to a pyramid scheme, using deposits from one customer to complete jobs for other customers, thereby making BEC unable to complete the job of the customer making the deposit without collecting deposits from yet other customers. (Countercl. ¶¶ 12, 17, 19.) These are sufficient allegations of fraud by Boelter. This is not a case where fraud was "charged irresponsibly by [someone] who ha[s] suffered a loss

3

and want[s] to find someone to blame for it." *Ackerman*, 172 F.3d at 469. Rather, these charges are "responsible and supported" such that the heightened pleading requirement of Rule 9(b) has been satisfied. *Id.*

Mr. Byczek also argues that because BEC and Boelter had a contractual relationship, Boelter cannot also assert tort liabilty against Mr. Byczek and BEC for fraud. In support, Mr. Byczek cites *Hi-Grade Cleaners, Inc. v. American Permac, Inc.*, 561 F. Supp. 643, 644 (N.D. Ill. 1982) (Grady, J.), in which the court noted that "when a defendant is already contractually bound to the plaintiff, his assurance that he will perform in accordance with the contract is simply a reiteration of his original promise. It creates no additional liability in contract, let alone in tort." While Boelter and BEC did eventually enter into a contractual relationship, Boelter is not alleging that BEC's fraud was in assuring that it would perform the contract. Boelter alleges that Mr. Byczek made fraudulent misrepresentations about the financial status of BEC in order to induce Boelter to enter into the contract in the first place. (Countercl. ¶ 27.) Thus, *Hi-Grade Cleaners* is inapplicable. Indeed, as Boelter points out, a more analogous case is *Circle Group Internet, Inc. v. Fleishman-Hillard, Inc.*, 231 F. Supp. 2d 801 (N.D. Ill. 2002) (Bucklo, J.), in which I allowed a plaintiff to proceed with both a breach of contract claim and a fraud claim against a public relations firm that had allegedly

4

fraudulently misrepresented its credentials and ability in order to induce plaintiff to enter into a contract with it.

Mr. Byczek asserts additional arguments in his reply brief. First, he argues that the November 2000 financial report was not the proximate cause of any damages to Boelter. Boelter, on the other hand, alleges that it did suffer damage as a result of BEC's alleged misrepresentations. (Countercl. ¶ 34.) This is a factual question, not to be decided on a motion to dismiss. Similarly, Mr. Byczek's argument that Boelter did its own due diligence into BEC's finances and thus did not rely on any representations of BEC is also a factual question to be decided at a later stage. Mr. Byczek also argues that any misrepresentations made by BEC or Mr. Byczek were opinions, and that statements of opinion are not actionable as fraud. The alleged misrepresentations here, however, that BEC had a net worth of $900,000 and that the jobs in process were in good financial condition are nothing like the statements of opinion held inactionable in the case cited by Mr. Byczek. *Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1299-1300 (7th Cir. 1993) (statements that thoroughbred horse breeding was "risk free," that horses were of the highest quality, and that partnership would be managed by competent general partners were opinions). Because Boelter has sufficiently alleged a claim of fraud, counterclaim count I survives Mr. Byczek's motion to dismiss.

II. Counterclaim Count II: Breach of Contract

Boelter alleges that BEC breached the contract by failing to make various disclosures required by the contract and by failing to provide Boelter with access to various documents as required by the contract. Mr. Byczek argues that this count should be dismissed because Boelter fails to allege facts establishing that Boelter performed its own contractual obligations. While it is true that a party claiming breach of contract must allege that it performed all contractual conditions required of it, *Redfield v. Cont'l Cas. Corp.*, 818 F.2d 596, 610 (7th Cir. 1987), such allegations may be made generally. *Id.* (citing Fed. R. Civ. P. 9(c)). Boelter has made such a general allegation. (Countercl. ¶ 37) ("Boelter Co. fully performed its obligations under the Agreement.").

III. Counterclaim Count III: Breach of Contract
(Attorneys' Fees)

Boelter also alleges that BEC breached the contract by failing to honor clauses in the contract allegedly indemnifying Boelter against expenses (including attorneys' fees) incurred by it resulting from any inaccuracy or breach of warranty by BEC, or from any failure of BEC to perform any provision of the contract required to be performed by BEC. Mr. Byczek again argues that this count should be dismissed because Boelter has not performed its obligations under the contract. As in counterclaim count II, however, Boelter has generally alleged that it performed,

(Countercl. ¶ 45), which, as discussed above, is sufficient. Mr. Byczek also argues that the contract clauses relied on by Boelter were designed to protect Boelter from claims of third parties, not from claims between BEC and Boelter. This is a factual question, not appropriately addressed on a motion to dismiss.

IV. Counterclaim Count IV: Tortious Interference with Prospective Economic Advantage

Boelter alleges that as part of the agreement with BEC, Boelter would be given the opportunity to service Wendy's, a former customer of BEC. Boelter claims that Mr. Byczek destroyed Boelter's relationship with Wendy's because BEC failed to pay suppliers on Wendy's jobs, exposing Wendy's to claims by suppliers and franchisees, and by maligning Boelter's good name by reinforcing and overstating the connection between Boelter and BEC. Mr. Byczek argues that this count should be dismissed because Boelter has failed to adequately allege the tort of interference with prospective economic advantage. In Illinois, the elements of that tort are (1) a reasonable expectation by plaintiff of entering into a valid business relationship, (2) knowledge by defendant of this expectancy, (3) intentional and unjustified interference by defendant to prevent the expectancy from being fulfilled, and (4) damages to the plaintiff caused by the interference. *Frederick v. Simmons Airlines, Inc.*, 144 F.3d 500, 502 (7th Cir. 1998) (citing *Anderson v. Vanden Dorpel*, 667 N.E.2d 1296, 1299 (Ill. 1996)).

A federal court sitting in diversity applies federal rules of pleading. *Beanstalk Group, Inc. v. AM Gen. Corp.*, 283 F.3d 856, 863 (7th Cir. 2002) ("Federal pleading rules ... govern even in diversity suits."). Under federal notice pleading requirements, a counterclaim need only set out "a short and plain statement of the claim that will provide the [counterclaim] defendant with fair notice of the claim." *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999) (citing *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993)). A counterclaim need not spell out every element of a legal theory; it need contain only enough to allow the counterclaim defendant to understand "the gravamen" of the claim. *Id.* at 951-52. Here, Boelter's allegations meet this standard.

In *Frederick*, cited by Mr. Byczek, the Seventh Circuit found that even under the liberal federal notice pleading rules, an employee's complaint of tortious interference with prospective economic advantage was deficient because he failed to allege a reasonable expectation of a business relationship. In that case, the employee, an airline pilot, alleged that his employer took action to have his medical certification revoked by the FAA, preventing him from flying, in retaliation for his public complaints about a plane's safety record. The court found these allegations insufficient because "[the pilot] alleges merely that he wished to continue working as a commercial pilot. He does not

8

claim that he had been offered a job by any other airline, or even that he had interviewed or applied for such positions." 144 F.3d at 503. Here, in contrast, Boelter alleges that it reasonably expected that it would have an opportunity to service Wendy's as part of its agreement to purchase BEC's assets. (Countercl. ¶ 51.) Indeed, Boelter alleges that it met with Wendy's representatives to discuss future business relationships. (Countercl. ¶ 52.) Additionally, Boelter alleges that Mr. Byczek was aware that Boelter intended to service Wendy's, (Countercl. ¶ 52), that Mr. Byczek "knowingly maligned Boelter Co.'s good name," (Countercl. ¶ 53), and that Boelter was damaged by Mr. Byczek's intentional conduct (Countercl. ¶¶ 54, 55). Thus, although not required to do so by federal pleading rules, Boelter has alleged each element of tortious interference with prospective economic advantage. This is sufficient for Mr. Byczek to understand the gravamen of Boelter's claim such that dismissal is unwarranted.

V. Counterclaims by Mr. Boelter Individually

Mr. Byczek argues that the counterclaims should be dismissed to the extent they are asserted by Mr. Boelter individually. Mr. Byczek notes that none of the counterclaims allege damage to Mr. Boelter. This is not entirely true. While the counterclaims fail to allege damage to Mr. Boelter in counts I, II, and IV, count III alleges damage to Mr. Boelter individually as well as to The Boelter Companies, Inc. (Countercl. ¶ 49.) However, count III is

a breach of contract claim that fails to allege that Mr. Boelter was a party to, or a beneficiary of, the contract at issue. The counterclaims are therefore dismissed to the extent they are asserted by Mr. Boelter individually.

VI. Conclusion

Plaintiff's motion to dismiss counterclaims is DENIED to the extent the counterclaims are asserted by defendant The Boelter Companies, Inc., and GRANTED to the extent they are asserted by defendant F. William Boelter individually.

ENTER ORDER:

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: May 29, 2003